O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-0872 AHM (FMOx) | Date | March 2, 2011 |
|---|---|---|---|
| Title | FLORENCE MILDRED HOLMES v. CITY OF LOS ANGELES, et al. | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Stephen Montes | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys **NOT** Present for Plaintiffs: | Attorneys **NOT** Present for Defendants: | |

**Proceedings:**   IN CHAMBERS (No Proceedings Held)

This case is before the Court on the motion of cross-defendant United States of America ("United States") to dismiss defendant and cross-complainant Marc L. Sherman's ("Sherman") Cross-Complaint.[1] For the reasons set forth below, the Court DENIES the motion without prejudice and GRANTS Sherman leave to file a First Amended Cross-Complaint against the United States Postal Service.

## I.   INTRODUCTION

The jurisdictional dispute before the Court threatens to obscure the reason the underlying lawsuit was brought in the first place, which is that plaintiff Florence Mildred Holmes ("Plaintiff") claims to have been injured due to the dangerous condition of the sidewalk in front of 5472 Crenshaw Boulevard in Los Angeles. This address is the site of a United States Post Office. Plaintiff sued the City of Los Angeles and 20 unnamed Roe defendants in state court. Plaintiff later identified Sherman as one of the Roe defendants and amended her complaint accordingly.

Sherman apparently leased the building at 5472 Crenshaw Boulevard to the United States Postal Service ("Postal Service") pursuant to a written lease agreement. Sherman cross-complained for indemnity, comparative contribution, and declaratory relief against the United States, which he alleged "was and is at all times mentioned [in the Cross-Complaint] a governmental entity, specifically the United States Postal Service . . . ."

---

[1]Docket No. 4.

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-0872 AHM (FMOx) | Date | March 2, 2011 |
|---|---|---|---|
| Title | FLORENCE MILDRED HOLMES v. CITY OF LOS ANGELES, et al. | | |

Cross-Complaint ¶ 2, Attached as Exh. 1 to Notice of Removal. The United States removed the entire action to federal court pursuant to 28 U.S.C. § 1442 and then filed the instant motion to dismiss.

## II.   ANALYSIS

The United States argues that 28 U.S.C. § 1491 grants the Court of Federal Claims exclusive jurisdiction over non-tort causes of action against the United States where the amount in controversy exceeds $10,000. Because Sherman's Cross-Complaint names the United States as the cross-defendant and seeks indemnity for claims in excess of $10,000, the Court of Federal Claims has exclusive jurisdiction over Sherman's claims. Further, the United States argues that this Court had no jurisdiction after removal because the state court did not have jurisdiction over Sherman's claims in the first instance. The United States concludes that the Cross-Complaint's defects are jurisdictional in nature and that it should be dismissed without leave to amend.

Sherman's primary argument in opposition is that his claims are actually against the Postal Service, not the United States, and that this Court has jurisdiction pursuant to 39 U.S.C. § 409. That statute provides that "the United States district court shall have original but not exclusive jurisdiction over all actions brought by or against the Postal Service."

In reply, the United States rightly points out that the caption and body of Sherman's Cross-Complaint identifies the cross-defendant as "United States of America." Sherman argues, nonetheless, that his claim is against the Postal Service and that the "cross-complainant makes it clear that the underlying tort action, and the contract at issue involves the United States Postal Service." Opp. p. 1. He is correct insofar as the contract upon which Sherman bases his indemnity claims is with the Postal Service and the Cross-Complaint identifies the Postal Service as the government entity against which Sherman is proceeding.

/ / /

/ / /

O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-0872 AHM (FMOx) | Date | March 2, 2011 |
|---|---|---|---|
| Title | FLORENCE MILDRED HOLMES v. CITY OF LOS ANGELES, et al. | | |

/ / /

## III. CONCLUSION

Rather than dismiss Sherman's Cross-Complaint on what would be a hyper-technical pleading defect, the Court *sua sponte* GRANTS Sherman leave to file a First Amended Cross-Complaint naming the Postal Service as the cross-defendant, if that is indeed the entity against which he intends to proceed. The First Amended Complaint must be filed by no later than March 9, 2011.

No hearing is necessary. Fed. R. Civ. P. 78; L.R. 7-15.

|  | : |  |
|---|---|---|
| Initials of Preparer | SMO | |